Steven M. Hanle (State Bar No. 168876)
  shanle@sycr.com
Douglas Q. Hahn (State Bar No. 257559)
  dhahn@sycr.com
Salil Bali (State Bar No. 263001)
  sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys For Plaintiff
Synoptek, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA,

## SOUTHERN DIVISION

| | |
|---|---|
| SYNOPTEK, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPTEK CORPORATION, a Virginia Corporation<br><br>Defendant. | Case No.:  8:16-cv-1838<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND TRADEMARK CANCELLATION**<br><br>**DEMAND FOR JURY TRIAL** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2145845v3/102759-0011

Plaintiff, Synoptek, LLC, ("Plaintiff" or "Synoptek") by and through its attorneys, for its Complaint against Defendant Synaptek Corporation ("Defendant" or "Synaptek"), hereby alleges as follows:

## THE PARTIES

1.     Plaintiff Synoptek, LLC is, and at all times pertinent to this action has been, a limited liability company duly organized and existing under the laws of the State of California, and having its principal place of business at 19520 Jamboree Road, Suite 110, Irvine, California.

2.     On information and belief, Defendant Synaptek Corporation, is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business at 1818 Library Street, Suite 500, Reston, Virginia.

## JURISDICTION AND VENUE

3.     This is a civil action arising under the laws of the United States relating to trademarks (15 U.S.C. Sections 1064, 1114(1), 1125(a), and 1119). This Court has federal question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

4.     This Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure §410.10.  Synoptek is informed and believes, and thereon alleges, that Defendant has engaged in business activities in California, including performing services for customers at locations in this judicial district through employees or contractors located in this judicial district, has directed the infringing conduct alleged herein towards California, and that the tortious acts by Defendant complained of herein have been committed within this judicial district.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2145845v3/102759-0011

1
**COMPLAINT**

16-cv-1838

5.     Venue in this Judicial District is proper under 28 U.S.C. Section 1391, including 1391(b)(1) and (d), under which Defendant resides in this judicial district.

## NATURE OF THE ACTION

6.     In this action, Synoptek seeks injunctive relief, lost profits, damages and attorneys' fees for Defendant's acts of trademark infringement under 15 U.S.C. § 1114 et seq., unfair competition and false designation of origin under 15 U.S.C. § 1125(a),  cancellation of registration under 15 U.S.C. §§ 1064 and 1119, and related causes of action.

## GENERAL ALLEGATIONS

7.     Synoptek provides information technology management services and support to organizations worldwide.  This includes core infrastructure management, management and hosting of cloud services, in-depth security tools and services, using advanced toolsets supported by our 24×7 Enterprise Operations Centers, IT consulting, custom development, applications support, business continuity/disaster recovery services and 24x7 end-user service and support.

8.     Synoptek is the owner of the SYNOPTEK trademark (the "Synoptek Mark"), U.S. Trademark Registration No. 3,424,720, filed on August 7, 2006 and registered as of May 6, 2008.  A copy of Plaintiff's U.S. Trademark Registration is attached hereto as **Exh. A**.

9.     The Synoptek Mark is registered in international classes 35, 37 and 42 for use with, *inter alia*, advertising and business management consultancy; installation, maintenance and repair of computer networks; computer software consultation; computer software development; information technology consultation services; and technical support services.

10.     Synoptek began using the Synoptek Mark as early as January 1, 2007.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

11.     Synoptek's use of the Synoptek Mark has been open, notorious, and continuous.

12.     The Synoptek Mark is distinctive and identifies Synoptek as the single source of origin of the goods and/or services marketed and provided in connection therewith.

13.     Since 2007, Synoptek has spent significant time, energy and expense building up the good will and value of the Synoptek Mark.

14.     Without the authorization or consent of Synoptek and after Synoptek began to use and had built up extensive and valuable business and goodwill in connection with the Synoptek Mark, Defendant began using the confusingly similar "Synaptek" designation.

15.     On information and belief, Defendant has been using and continue to use the designation "Synaptek" to market and sell, *inter alia*, its information technology consultation services; computer software development services; and technical support services.

16.     On Oct 10, 2013, Defendant filed an application with the United States Patent and Trademark Office ("USPTO") seeking a federal registration for the designation SYNAPTEK, Application Serial No. 86/088,536 (the "Synaptek Designation"), claiming a date of first use of August 4, 2008.  A copy of Defendant's U.S. Trademark Application is attached hereto as **Exh. B**.

17.     On information and belief, Defendant was or became aware or had constructive knowledge of the Synoptek Mark and its trademark rights before Defendant launched its goods and/or services and adopted the Synaptek Designation in conscious disregard of Synoptek's rights.

18.     On information and belief, both Synoptek and Synaptek offer IT consulting, design and development of software, technical support and other computer services which are nearly identical in scope and otherwise closely related.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2145845v3/102759-0011

-3-
**COMPLAINT**

16-cv-1838

19. On information and belief, both Synoptek and Synaptek market and promote their goods and/or services in nearly identical ways including through their website, tradeshows, word-of-mouth, print advertising and social media.

20. The Synaptek Designation is sufficiently identical to the Synoptek Mark in sight, sound, connotation and commercial impression that its use in the sale and marketing of Defendant' IT and software services to the same class of customers, through the same or similar channels of trade is likely to cause and has, on information and belief, caused consumer confusion.

21. On information and belief, Defendant knew or should have known of Synoptek's federally registered trademark rights prior to adopting the Synaptek Designation and that use of this designation is confusingly similar.

22. On February 3, 2014, the USPTO issued an office action denying the Synaptek Designation pursuant to 15 U.S.C. §1052 and Trademark Act §2(d), finding a likelihood of confusion with the Synoptek Mark along with four other registrations. A copy of the USPTO's Feb. 3, 2014 Office Action is attached hereto as **Exh. C.**

23. On information and belief, Defendant filed a response to the PTO's office action arguing against the USPTO's findings of a likelihood of confusion.

24. On September 4, 2014, the USPTO issued a final office action, withdrawing its refusal based on two of the cited references but maintaining the §2(d) likelihood of confusion finding as to the Synoptek Mark and pair of similar marks. A copy of the USPTO's Sept. 4, 2014 Office Action is attached hereto as **Exh. D**.

25. The other cited references were word and design marks for Synaptyk, U.S. Trademark Registration Nos. 4,015,160 ("'160 Mark") and 4,015,163 ("'163 Mark"), registered to a company from Plano Texas (collectively "Synaptyk Registrations")

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-
**COMPLAINT**

LITIOC/2145845v3/102759-0011

16-cv-1838

26.     The Synaptyk Registrations were filed on November 2, 2010 and claimed October 10, 2010 as their date of first use.

27.     On March 3, 2015, Defendant filed a Request for Suspension in the prosecution of the Synaptek Designation, indicating that Defendant had filed a Petition for Cancellation against the Synaptyk Registrations.  A copy of the March 3, 2015 Request for Suspension is attached hereto as **Exh. E**.  A copy of the March 3, 2015 Petition to Cancel Registration Nos. 4,015,160 and 4,015,163 is attached hereto as **Exh. F**.

28.     On July 9, 2015, Defendant acquired ownership of the Synaptyk Registrations, and on July 26, 2015, Defendant filed a motion to dismiss the cancellation proceedings as moot, since.  A copy of the July 26, 2015 Motion to Dismiss is attached hereto as **Exh. G**.

29.     On July 15, 2015, Defendant filed a Section 7 request to amend the '160 Mark, wishing "to amend the mark to reflect an updated spelling of its trademark from SYNAPTYK to SYNAPTEK, which are phonetic equivalents."  A copy of the July 15, 2015 Section 7 Amendment is attached hereto as **Exh. H**.  Such characterization of the basis for the request was false or misleading.

30.     On July 24, 2015 and November 12, 2015, the PTO issued office actions denying Defendant's request for a Section 7 Amendment, indicating that the proposed amendment constituted a material alteration.  A copy of the Nov 12, 2015 Office Action is attached hereto as **Exh. I**.

31.     Despite the USPTO's denial and a pending petition to the trademark director appealing the denial, on September 27, 2016 the Section 7 Request to amend the '160 Mark was accepted.  A copy of the amended '160 Mark registration is attached hereto as **Exh. J**.

32.     The amendment from Synaptyk to Synaptek was an improper material change pursuant to 15 U.S.C. §1057(e), including because the amendments created

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
**COMPLAINT**

LITIOC/2145845v3/102759-0011

16-cv-1838

or increased the likelihood of confusion between the newly registered mark and the registered Synoptek Mark.

33.     On information and belief, the improper grant of Defendant's amendment denied Plaintiff its opportunity to oppose the registration of a confusingly similar mark.

34.     On information and belief, at no point during the review of its Section 7 Request to amend the '160 Mark did Defendant ever disclose to the reviewing Trademark Specialist the status for the application of its Synaptek Designation or the references cited against that application.

35.     On information and belief, despite direction and guidance from the USPTO that the Synaptek Designation is likely to cause consumer confusion with Plaintiff's Synoptek Mark, Defendant nonetheless willfully decided to adopt, and to continue using and offering goods and/or services under the infringing Synaptek Designation.

36.     The aforementioned acts by Defendant have caused, and will continue to cause, actual confusion and a likelihood of confusion in the minds of the public, and have damaged and will further damage Synoptek's reputation for exclusivity in connection with its Synoptek Mark.

**COUNT I**

**<u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK</u>**
**<u>(LANHAM ACT §32)</u>**

37.     Synoptek repeats and realleges each and every allegation contained in paragraphs 1 through 36 hereof as if fully stated herein.

38.     By virtue of Defendant's conduct, Defendant has used and is using a confusingly similar term in connection with the advertising, marketing, and offering of IP consulting, software development and technical support services, which are identified with the Synoptek Mark used by Synoptek.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
**COMPLAINT**

LITIOC/2145845v3/102759-0011

16-cv-1838

39. Synoptek's goods and/or services are offered and advertised to the same or similar classes of purchasers as Defendant. As a result of Defendant's conduct, there is a strong likelihood of confusion, mistake, or deception, and persons familiar with the Synoptek Mark, its reputation and favorable good will, are likely to be confused that Synaptek's goods and/or services are related to, offered or authorized by Synoptek.

40. As a consequence, Defendant has traded and is trading upon, and has gained and is gaining public acceptance and other benefits from, Synoptek's favorable reputation and valuable good will, which has accordingly been placed at risk and damaged by Defendant's illegal actions and conduct.

41. Defendant's foregoing actions constitute trademark infringement by inducing the erroneous belief that Defendant and/or its goods and/or services are in some manner affiliated with, originate from, or are sponsored by Synoptek in violation of Lanham Act § 32, 15 U.S.C. §1114.

42. Synoptek is informed and believes, and on that ground alleges, that Defendant has made and/or will make unlawful gains and profits from its unlawful actions as alleged herein, and by reason thereof, Synoptek has been deprived of gains and profits which otherwise would have inured to Synoptek but for such unlawful actions.

43. Synoptek has no adequate remedy at law for the injuries alleged in this Count. The injury is, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is irreparable and of a continuing nature and will continue to be suffered so long as Defendant continues its wrongful conduct. Synoptek is thus entitled to injunctive relief under 15 U.S.C. Section 1116(a).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
**COMPLAINT**

16-cv-1838

# COUNT II

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (LANHAM ACT §43(a))

44.     Synoptek repeats and realleges each and every allegation contained in paragraphs 1 through 43 hereof as if fully stated herein.

45.     This claim arises under Section 43(a) of the Lanham Act. Defendant's unauthorized use and continued use in interstate commerce of the Synaptek Designation constitutes use of a false designation of origin and a false description or representation that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Defendant's goods and/or services, (b) as to an affiliation, connection or association between Synoptek and Defendant, and (c) as to the sponsorship or approval of Defendant's goods and/or services by Synoptek.

46.     Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics or qualities of Defendant's goods and/or services and/or commercial activities.

47.     Upon information and belief, Defendant has intentionally and falsely designated the origin of their goods and/or services by adopting and using a term that is substantially the same as the Synoptek Mark for its goods so as to profit from Synoptek's reputation by confusing the public as to the source, origin, sponsorship or approval of Defendant's goods and/or services, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of Synoptek.

48.     Defendant's activities complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to Synoptek, its business reputation and its goodwill, for which Synoptek is without adequate remedy at law.  Such activities have also caused Synoptek monetary loss and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-
**COMPLAINT**

LITIOC/2145845v3/102759-0011

16-cv-1838

damage including, but not limited to, the loss of profits in an amount not yet determined.

49.     Further, the injury is of a continuing nature and will continue to be suffered so long as Defendant continues its wrongful conduct.  Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining, the value of the damage to Synoptek caused by Defendant's wrongful conduct, Synoptek is informed and believes, and on that ground alleges, that said conduct has resulted in irreparable, direct and proximate damages to Synoptek.

## COUNT III

## CANCELLATION OF REGISTRATION FOR A CONFUSINGLY SIMILAR MARKS UNDER 15 U.S.C. §§ 1064 AND 1119

50.     Synoptek repeats and realleges each and every allegation contained in paragraphs 1 through 49 hereof as if fully stated herein.

51.     As set forth herein, Defendant has sought to and has amended the '160 Mark from Synaptyk to Synaptek.  Exh. J.

52.     Synoptek has expended substantial money and effort in marketing, advertising and promoting the Synoptek Mark and through such sales and advertising has generated substantial goodwill and customer recognition of its mark.

53.     Synoptek derives revenue from its use of the Synoptek Mark.

54.     Defendant's use of the '160 Mark is without Synoptek's consent or permission.

55.     Defendant's use of Synaptek is nearly identical or closely related to Synoptek's senior use of the Synoptek Mark.

56.     Synoptek's application, date-of-first-use, and registration all predate Defendant's claimed date of first use and the filing date for the '160 Mark.

57.     Defendant's '160 Mark is confusingly similar to the Synoptek Mark, and the surreptitious amendment thereof by Defendant is likely to cause confusion,

-9-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2145845v3/102759-0011

**COMPLAINT**

16-cv-1838

mistake or deception that Defendant's goods and/or services are related, endorse, sponsored, approved, affiliated or those of Synoptek.

58.     If Defendant is permitted to use and maintain the '160 Mark for Synaptek in connection with Defendant's goods and/or services, Synoptek, its business reputation and its goodwill will be irreparably damaged by the resulting confusion.

59.     If Defendant is permitted to maintain the presently suspended Synaptek Designation and/or the '160 Mark, such application and registration would be the source of irreparable damage and injury to Synoptek, its business reputation and its goodwill.

60.     As such '160 Mark and/or the Synaptek Designation should be canceled pursuant to 15 U.S.C. §1119.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA

## BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

61.     Synoptek repeats and realleges each and every allegation contained in paragraphs 1 through 60 hereof as if fully stated herein.

62.     Synoptek is informed and believes, and on that ground alleges, that Defendant have intentionally misappropriated Synoptek's Synoptek Mark with the intent of causing confusion, mistake and deception as to the source of their goods and/or services with the intent to palm-off its goods and/or services as those of Synoptek, and as such Defendant has committed unfair competition in violation of the common law of the State of California.

63.     The foregoing acts of unfair competition of Defendant have caused and will continue to cause injury to Synoptek, by depriving it of sales of its genuine goods and/or services, injuring its business reputation, and by passing off

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-
**COMPLAINT**

LITIOC/2145845v3/102759-0011

16-cv-1838

Defendant' goods and/or services as Synoptek's genuine goods and/or services, all in violation of California Business & Professions Code § 17200.

64.    Defendant's acts have caused and will continue to cause irreparable harm and damage to Synoptek, and have caused and will continue to cause Synoptek monetary damage in an amount to be determined at trial, for which Synoptek is entitled to its actual damages, Defendant's profits, punitive damages, attorneys' fees and costs.

65.    Further, the foregoing acts of Defendant including, but not limited to, Defendant' infringement of the Synoptek Mark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

66.    As a consequence of Defendant's actions, Synoptek is entitled to injunctive relief and an order that Defendant disgorge all profits on the use, display or sale of infringing goods and/or services.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Synoptek demands judgment against Defendant as follows:

A.    That Defendant's conduct infringes Plaintiff's Synoptek Mark, falsely designates the origin of Defendant's goods and/or services, falsely describes such goods and/or services, and unfairly competes with Synoptek, all in violation of Lanham Act §§43(a) and 32, 15 U.S.C. §1125, and 15 U.S.C. §1114 et seq;

B.    That Defendant's conduct serves to infringe Plaintiff's Synoptek Mark and unfairly compete with Synoptek under the common law of the State of California and California Business & Professions Code § 17200 ;

C.    Cancellation of U.S. Trademark Registration No. 4,015,160, pursuant to 15 U.S.C. §1119;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2145845v3/102759-0011

-11-
**COMPLAINT**

16-cv-1838

D.     Cancellation of U.S. Trademark Application Serial No. 86/088,536, pursuant to 15 U.S.C. §1119;

E.     That Defendant and its agents, officers, directors, servants, employees, attorneys, its successors and assigns, and all others in active concert or participation with Defendant be preliminarily and permanently enjoined from directly or indirectly:

i.     Using Plaintiff's Synoptek Mark, or any other marks which are confusingly similar to or colorable imitations of Plaintiff's Synoptek Mark, including, without limitation, Synaptek alone or as part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

ii.     Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendant's goods and/or services; and,

iii.     Otherwise unfairly competing with Synoptek or misappropriating Synoptek's intellectual property, including, but not limited to the Synoptek Mark;

F.     That the Court issue an Order directing Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendant of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendant have complied with the injunction;

G.     That the Court award judgment in favor of Synoptek for the amount of either damages sustained by Synoptek or the profits made by Defendant as a result of Defendant's wrongful conduct, whichever amount is greater, and damages in an amount necessary for Synoptek to conduct corrective advertising to eliminate the confusion caused by Defendant's wrongful acts;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2145845v3/102759-0011

-12-
**COMPLAINT**

16-cv-1838

H.     That the Court award judgment in favor of Synoptek in the amount of treble damages under 15 U.S.C. §1117, plus prejudgment interest;

I.     That the Court award statutory damages pursuant to 15 U.S.C. §1117(d), against Defendant of $100,000 or in an amount the Court otherwise considers just;

J.     That the Court award judgment against Defendant for the full costs of this action, including reasonable attorney fees;

K.     That the Court award to Synoptek punitive damages sufficient to deter Defendant from committing such willful acts of infringement in the future;

L.     For interest on all amounts found to be due to Synoptek from Defendant, at the prevailing rate, from the date said amounts or any part thereof became or become due;

M.     That the Court require Defendant to notify any parent, subsidiaries, investors, affiliated companies, commercial associates, advertising agencies, suppliers and customers of said Order;

N.     That the Court Order such other, further and different relief as the nature of this action may require and that the Court deem just and proper; and

O.     That the Court retain jurisdiction of this action for the purpose of enabling Synoptek to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

//
//
//
//

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-
**COMPLAINT**

LITIOC/2145845v3/102759-0011

16-cv-1838

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **JURY DEMAND**

Synoptek hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on each and every cause of action asserted in its Complaint that is triable by jury.

DATED: October 4, 2016          STRADLING YOCCA CARLSON & RAUTH

By: */s/ Douglas Q. Hahn*
          Steven M. Hanle
          Douglas Q. Hahn
          Salil Bali

          Attorneys for Plaintiff,
          Synoptek, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-
**COMPLAINT**

LITIOC/2145845v3/102759-0011                                        16-cv-1838