1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10                         **SOUTHERN DIVISION**

11  SYNOPTEK, LLC,                    )  Case No.: 8:16-cv-1838 CJC (JCGx)
    a California limited liability company, )
12                                    )
                 Plaintiff,            )
13                                    )  **[DISCOVERY MATTER]**
         v.                            )  Hon. Jay C. Gandhi
14                                    )
    SYNAPTEK CORPORATION,              )
15  a Virginia Corporation,            )
                                      )
16               Defendant.            )  **STIPULATED**
                                      )  **PROTECTIVE ORDER**
17                                    )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20
21
22
23
24
25
26
27
28

## GOOD CAUSE STATEMENT

### A. Purposes and Limitations

Discovery in this lawsuit (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties have stipulated to and petition the Court to enter this Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 2.5, below, that this Protective Order does not entitle them to file documents under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1. DESIGNATION OF CONFIDENTIAL INFORMATION

**1.1 Confidentiality Designations**. Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement shall be referred to as "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION may be designated as CONFIDENTIAL or as CONFIDENTIAL — ATTORNEYS' EYES ONLY, as follows:

    a. <u>CONFIDENTIAL designation</u>. A party or non-party may designate material CONFIDENTIAL only if it deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public

      b.    <u>CONFIDENTIAL — ATTORNEYS' EYES ONLY designation</u>. A party or non-party may only designate material CONFIDENTIAL — ATTORNEYS' EYES ONLY if it deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 and that the material contains highly propriety technical or trade secret or business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

**1.2**    **Produced Documents**. A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label designating such material CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY. As used herein, the term "documents" includes all writings or other media on which information is recorded and other electronic files and tangible things subject to production under the Federal Rules of Civil Procedure.

**1.3**    **Interrogatory Answers**. If a party answering an interrogatory believes in good faith under the criteria set forth in Section 1.1 that its answer contains CONFIDENTIAL INFORMATION, such interrogatory response shall be served bearing a label designating such interrogatory response CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY in the same manner as a produced document under Section 1.2.

**1.4**    **Inspections of Documents**. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection. For purposes of such inspection, all materials produced shall be considered as CONFIDENTIAL INFORMATION unless the Parties agree otherwise.  If the inspecting party selects specified documents to be copied, such documents shall be treated as CONFIDENTIAL INFORMATION until 10 days have elapsed from the time the producing party is provided copies of the selected documents, during which time the producing party may designate such documents as CONFIDENTIAL

INFORMATION in accordance with Section 1.1.

**1.5  Deposition Transcripts**. Portions of testimony taken at a deposition or conference and any corresponding exhibits may be designated as CONFIDENTIAL or CONFIDENTIAL -ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY and label such portions appropriately. For convenience, if a deposition transcript contains repeated references to CONFIDENTIAL INFORMATION which cannot conveniently be segregated from non-CONFIDENTIAL INFORMATION, the entire transcript be marked by the reporter as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY. A party may also designate information disclosed at a deposition as CONFIDENTIAL and/or CONFIDENTIAL — ATTORNEYS' EYES ONLY by notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines designated as such. Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control.

**1.6  Multi-page Documents.** A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers and responses to document requests, as CONFIDENTIAL INFORMATION by placing the label specified in Section 1.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in Section 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

**1.7  Inadvertent Failures to Designate.** Inadvertent failure to designate qualified information or items does not, standing alone, waive the right to secure

protection under this Protective Order for such material, provided that the designating party promptly corrects the designation after discovery of such inadvertent failure. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## 2. HANDLING PRIOR TO TRIAL

**2.1 Disclosure of CONFIDENTIAL Material.** Materials designated CONFIDENTIAL or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

a. The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this Action and for no other purpose;

b. Court reporters taking testimony involving CONFIDENTIAL INFORMATION, and necessary stenographic, videographic, and clerical personnel thereof;

c. Consultants or experts and their staff who are employed for the purposes of this litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The court and the court's staff;

e. The author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his/her employment;

f. Witnesses testifying in this litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), including preparation for such testimony;

g. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

h. Attorneys for the parties to this litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing

assistance to counsel in this Action.

  i. Third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a secure place.

  j. Any other person as to whom the parties previously agree in writing.

  **2.2 Disclosure of CONFIDENTIAL — ATTORNEYS' EYES ONLY Material**. Material or documents designated as CONFIDENTIAL — ATTORNEYS' EYES ONLY may be shown to the persons listed in Sections 2.1 (b) through (j).

  **2.3 Use of CONFIDENTIAL INFORMATION**. Individuals who are authorized to review CONFIDENTIAL INFORMATION pursuant to this Protective Order shall hold the CONFIDENTIAL INFORMATION and its contents in confidence and shall not divulge it, either verbally or in writing, except as expressly permitted by this Protective Order, unless authorized to do so by a further order of this Court or as specifically required by law.

  **2.4 Unauthorized Disclosures**. In the event of disclosure of CONFIDENTIAL INFORMATION other than as authorized in this Protective Order, counsel for the party responsible for the disclosure shall (1) notify all parties of the unauthorized disclosures, (2) make every effort to prevent further disclosure, including retrieving disclosed materials and copies of such materials, and (3) request that the persons to whom the unauthorized disclosure was made sign a "Acknowledgment and Agreement to Be Bound" (Exhibit "A") if they have not already done so. Upon written stipulation or motion, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

  **2.5 Court Filings**. Any CONFIDENTIAL INFORMATION (or documents containing CONFIDENTIAL INFORMATION) to be filed with the Court shall be filed under seal pursuant to the procedures set forth in Local Rule 79-5, or pursuant to such other procedures for filing under seal as the Court may order or allow. The

parties agree that exhibits provided to any jury empanelled in this proceeding shall be provided without the CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY stamp.

### 2.6 Inadvertent Disclosure

a. The inadvertent or unintentional disclosure of "Confidential" or "Confidential-Attorneys' Eyes Only" or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter.

b. This Protective Order is without prejudice to any Party's right to assert the attorney-client, work product, or other privileges or doctrines, or to any other Party's right to contest such claims. By making information designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" available to the other Party, the producing Party does not waive any confidentiality privilege, doctrine or treatment, and the receiving Party acknowledges and agrees that, by making such materials available, the producing Party has not waived any such confidentiality privilege, doctrine or treatment or disclosed any proprietary or confidential information, trade secret, or any other business or confidentiality privilege, doctrine or treatment. By receiving information designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" the receiving Party does not acknowledge or agree that such materials are entitled to such designation, and does not waive the right to contest such designation by way of application to the Court.

c. Pursuant to Fed. R. Evid. 502(b), the production by any Party during discovery of documents containing information protected by the attorney-client privilege or the attorney work-product doctrine shall be deemed inadvertent and shall not operate to waive the protections of the privilege or the doctrine by or as to the

producing Party, provided that as soon as reasonably practicable after the producing Party's learning of the production or the receiving Party's notification to the producing Party of its receipt of the documents that may be subject to the attorney-client privilege or the work product doctrine, the producing Party has requested the return of the documents. Upon receipt of a request, the receiving Party shall immediately return such documents to the producing Party, shall not retain any copies, and shall not use the information or the fact of inadvertent disclosure in any manner in this Litigation.

d. The Receiving Party shall promptly destroy, sequester, or return to the Disclosing Party any protected or privileged item discovered by the Disclosing Party or the Receiving Party to have been disclosed inadvertently. If the Receiving Party disclosed the protected or privileged item before being notified of the Disclosing Party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

No Party will be responsible to another Party for disclosure of CONFIDENTIAL INFORMATION under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

**3. HANDLING DURING TRIAL**. CONFIDENTIAL INFORMATION which is subject to this Protective Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party. In the event that information designated as CONFIDENTIAL INFORMATION is contemplated to be used at trial, the Receiving Party seeking to use such information shall give notice to the Court and the Disclosing Party of its intention to use the CONFIDENTIAL INFORMATION at trial sufficiently in advance of its contemplated use so that the Court can have the matter heard.

**4. HANDLING AFTER FINAL DISPOSITION**.

a. This Protective Order shall survive the final termination of this Action

and shall protect all retained materials that have remained confidential through final termination of the case. Upon final termination of this case, all CONFIDENTIAL INFORMATION produced in this litigation, including all copies made of such material shall, upon demand by the Party that produced it, be returned to counsel for that Party that produced it.  If no request for return is received within 30 days of final disposition, the Party in possession shall destroy such CONFIDENTIAL INFORMATION. The Court and Court personnel are exempt from the provisions of this Section.

   b.  Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate CONFIDENTIAL INFORMATION, and will continue to be bound by this Protective Order with respect to all such retained information.  Further, attorney work product materials that contain CONFIDENTIAL INFORMATION need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

**5.**  **RESTRICTIONS.** Nothing herein shall impose any restriction on the use or disclosure by a party of material: (1) obtained lawfully by a party hereto other than through discovery in this Action, from a person who, to the best of such party's knowledge, was not at the time such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; (2) that is public knowledge or became public knowledge after disclosure under this Protective Order (other than through an act or omission of a person receiving material under this Protective Order).

**6.**  **OTHER REQUESTS.** This Protective Order shall be without prejudice to the right of any party: (i) to request re-designation of material as CONFIDENTIAL, CONFIDENTIAL — ATTORNEYS EYES ONLY, or neither; (ii) upon written, stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether

a document or information is CONFIDENTIAL, CONFIDENTIAL — ATTORNEYS' EYES ONLY Material, or whether its use should be restricted; (iii) to present a motion to the Court under F.R.Civ.P. 26 (c) for a separate protective order as to any document or information, including restrictions differing from those specified herein. Any challenge to a confidentiality designation shall be initiated pursuant to Local Rule 37 and the burden of persuasion in any such challenge shall be on the party who designated the material as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY. The Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

The terms of this Protective Order are applicable to information produced by a non-party in this Action and designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY.  Such information produced by non-parties in connection with this Action is protected by the remedies and relief proved by this Protective Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

**7. CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY that party must:

    a.    promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

    b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose CONFIDENTIAL INFORMATION may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or CONFIDENTIAL -ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its CONFIDENTIAL INFORMATION and nothing in these provisions should be construed as authorizing or encouraging any party in this Action to disobey a lawful directive from another court.

**8.     CUSTODY.** Recipients of material under this Protective Order shall maintain such material secured and shall exercise the same standard of care with respect to storage, custody, use and dissemination of the material as they exercise for their own proprietary information, but in no event shall the standard be less than that of a reasonable person.

**9.     ACKNOWLEDGMENT OF ORDER.** Each person required by this Protective Order to sign a statement agreeing to be bound by this Protective Order must sign a statement to be delivered to and maintained by the Disclosing Party in the form attached hereto as EXHIBIT A.

**10.    AGREEMENT OF PARTIES TO ORDER.**

All Parties to this action, their counsel, and all other persons subject to this Protective Order shall be bound by this Protective Order and shall abide by all of the terms of this Protective Order until otherwise ordered by the court or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

**11.    CONTINUING EFFECT OF ORDER.**

This Protective Order shall continue to be binding after the conclusion of this litigation except that a Party may seek the written permission of the Disclosing Party

or further order of the Court with respect to dissolution or modification of this Protective Order. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to this Protective Order, and to enforce or modify this Protective Order.

**12. ADDITIONAL RELIEF.**

a. No Party is prevented from seeking relief not provided by this Protective Order, or otherwise seeking court approval as may be appropriate to protect its interests or otherwise prepare this matter for trial.

PURSUANT TO STIPULATION, IT IS SO ORDERED this <u>22</u> day of <u>February</u>, 2016.

_____
Jay C. Gandhi
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California Southern Division on [_____, 2016] regarding discovery in this lawsuit, *SYNOPTEK, LLC, v. SYNAPTEK CORPORATION*, Case No. 8:16-cv-1838 CJC (JCGx) (the "Protective Order"). I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:

Signature: