**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
info@gauntlettlaw.com
James A. Lowe (SBN 214383)
jal@gauntlettlaw.com
18400 Von Karman, Suite 300
Irvine, California  92612
Tel.: (949) 553-1010
Fax: (949) 553-2050

Attorneys for Defendant
SYNAPTEK CORPORATION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SYNOPTEK, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SYNAPTEK CORPORATION, a Virginia Corporation, <br><br> Defendant and Counterclaimant. | Case No.:  8:16-cv-1838 CRC (JCGx) <br><br> Hon. Cormac J. Carney <br><br> **DEFENDANT SYNAPTEK CORPORATION'S COUNTERCLAIM AGAINST SYNOPTEK, LLC** <br><br> **REQUEST FOR JURY TRIAL** |

Defendant and Counterclaimant Synaptek Corporation ("Synaptek") counterclaim and allege against Plaintiff Synoptek, LLC ("Synoptek") as follows:

## THE PARTIES

1. Defendant and Counterclaimant Synaptek Corporation is and at all times pertinent to this action has been, a Virginia corporation with its principal place of business at 1818 Library Street, Suite 500, Reston, Virginia.

2. On information and belief, Plaintiff Synoptek, LLC is a California limited liability company with its principal place of business at 19520 Jamboree Road, Suite 110, Irvine, California.

## JURISDICTION AND VENUE

3. This is a civil action arising under the laws of the United States relating to trademarks (15 U.S.C. Sections 1064, 1114(1), 1125(a), and 1119). This Court has federal question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a) and (b) and the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. This Court has personal jurisdiction over Plaintiff Synoptek and venue is proper because it has voluntarily brought this action in this Court.

## NATURE OF THE ACTION

5. In this Counterclaim, Synaptek seeks a judicial declaration that it has not and is not infringing Plaintiff Synoptek's trademark rights.

## GENERAL ALLEGATIONS

6. On information and belief, Plaintiff Synoptek claims to be the owner of the SYNOPTEK trademark, U.S. Trademark Registration No. 3,424,720 for use in international classes 35, 37 and 42 with, *inter alia*, advertising and business management consultancy; installation, maintenance and repair of computer networks; computer software consultation; computer software development; information technology consultation services; and technical support services.

7. Defendant Synaptek is the owner of U.S. Trademark Registration No. 4,015,160 for SYNAPTEK in class 42 for information technology consulting and

information technology project management services, namely, computer software development and design, website development for others, computer systems integration services, technical support, namely, monitoring of network systems, design and development of wireless communication systems for transmission and reception of voice, and planning, design and management of information technology systems.

8. Plaintiff Synoptek alleges in this action that Counterclaimant Synaptek infringes its trademark rights.

9. On information and belief, Plaintiff Synoptek offers information technology services to private businesses and, occasionally to local government organizations principally or exclusively in the area of Southern California.

10. Counterclaimant Synaptek provides information technology services exclusively to the United States Government or its prime contractors and performs services only for United States government entities.

11. Counterclaimant Synaptek does not offer services to private companies except as part of government sub-contracts and therefore principally deals with contracting officers of the United States of America and government contractors who must obtain approval to use Synaptek from government contracting officers.

## FIRST CAUSE OF ACTION
## NON-INFRINGEMENT OF TRADEMARK

12. Synaptek incorporates the allegations in the previous paragraphs as though fully alleged herein.

13. Synoptek's trademark lacks conceptual and commercial strength.

14. Synaptek's use of its trademark is not geographically or proximately related to Synoptek.

15. The services performed by Synaptek are not related to the services provided by Synoptek.

16. The marketing channels of Synaptek are unrelated to those of Synoptek and do not converge. The two companies perform services for different and unrelated

customers.

17. Synaptek is based on the root word Synapses which is different from and unrelated to the root word for Synoptek.

18. Synaptek and Synoptek sell technical services, generally at high cost, and do not sell to ordinary consumers but to government or commercial entities who do not chose vendors on the basis of a name but upon technical expertise and other careful considerations. The customers of the parties use a high degree of care in choosing with whom they do business and are unlikely to be confused by the names of companies with whom they deal.

19. There is no evidence of actual confusion on the part of customers of either party between the two parties.

20. Counterclaimant Synaptek chose its name for reasons entirely unrelated to the existence of Counter-Defendant Synoptek.

21. There is no likelihood that either party will expand its business geographically or in the nature of its customer base so as to create any likelihood of confusion.

22. There is no likelihood of confusion between the parties' names or trademarks.

23. An actual bona fide controversy exists between Synaptek and Synoptek that requires judicial declaration by this Court that Synaptek's use of its trademark does not infringe any rights of Synoptek.

**PRAYER**

WHEREFORE, Counterclaimant, Synaptek prays that:

1. The Court find and declare that Synaptek's use of its SYNAPTEK trademark does not infringe any trademark or related rights of Counter-Defendant Synoptek.

2. Counterclaimant Synaptek be awarded its costs of suit incurred in this action;

3.  Counterclaimant Synaptek be awarded attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable authority; and

4.  For such other relief as the Court deems proper.

Dated: March 20, 2017                     **GAUNTLETT & ASSOCIATES**

                                          By:  /s/ James A. Lowe
                                               David A. Gauntlett
                                               James A. Lowe

                                          Attorneys for Defendant
                                          SYNAPTEK CORPORATION

## DEMAND FOR JURY TRIAL

Counterclaimant Synaptek hereby demands a trial by jury under F.R.Civ.P. 38(b) on all issues so triable.

Dated: March 20, 2017                     **GAUNTLETT & ASSOCIATES**

                                          By:  /s/ James A. Lowe
                                               David A. Gauntlett
                                               James A. Lowe

                                          Attorneys for Defendant
                                          SYNAPTEK CORPORATION